UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

ENTERED
08/29/2015

| | | |
|---|---|---|
| In Re: MPF Holdings US LLC, et al. | § § § | Bankruptcy 08-36084-H4-11 |
| Debtors. | | Adversary 10-3477 |

| | | |
|---|---|---|
| Jeff Compton, | § § | |
| Appellant, | § § | |
| versus | § § | Civil Action H-13-1964 |
| Mustang Engineering Ltd., | § § § | |
| Appellee. | § § | |

# Opinion on Appeal

1. *Introduction.*

In the reorganization in bankruptcy of MPF Holdings US LLC, the plan created a litigation trust. The trust has sued Mustang Engineering Ltd. for money paid it on a contract by MPF before its bankruptcy. Because Mustang's contract with MPF was assigned in the plan to COSCO (Dalian) Co. Ltd, the trust has no interest in the payments or other aspects of the contract as a residual claim.

2. *Background.*

Mustang is an engineering firm. In 2007, it contracted with Dragados Offshore S.A. to design a ship for oil exploration. In June 2008, Dragados assigned its contract with Mustang to MPF. In late September 2008, MPF filed bankruptcy under Chapter 11.

As part of the reorganization, Mustang's contract with MPF was acquired by Dalian. The exchange was essentially that Dalian paid cash for MPF's rights in the Mustang contract and the partially built ship.

Another part of the plan created a litigation trust – a trust capitalized with MPF's residual litigation claims, including this action. The trustee sued Mustang to recover as

preferences payments by MPF to Mustang before the bankruptcy. The trustee now appeals the bankruptcy court's dismissal of his suit. It held that (a) the assumption of Mustang's contract barred this suit and (b) the preference claim against Mustang was released by the reorganization.

3.  *Assumption & Assignment.*

The trustee says that Mustang's contract was not assumed and assigned under the bankruptcy rules. Rather, the trustee says that the novation between Mustang and Dalian were independent agreements that do not trigger the consequences of assumption and assignment. Once Dalian acquired the contract, it may renegotiate it at its discretion without reviving claims in the estate.

Mustang's contract was executory – both sides remained obliged to perform. The rules allow two options: assumption or rejection.[1] The plan says that "Mustang's contract, along with several others, is assumed and assigned under each novation agreement." The plan also says that contracts that are not assumed are rejected.

The reorganization was designed to salvage the value of the debtor by shedding some assets for cash, renegotiating others, and abandoning still more to allow MPF to stay in business. The plan acknowledged that MPF would be financially stronger if it had cash in exchange for a contract and one-half a ship. The assumption adjusted the terms of the contract to make it workable under the new circumstances.

By rejecting the contract, MPF would have gained nothing. By Dalian's assuming the contract, MPF traded an obligation to finish the ship because the contract performance would have needed a ship to engineer. Whether the transfer of the Mustang contract was accomplished by an assignment, agreement, novation, or plan, the result remains that the estate settled its affairs with Mustang globally with the bundle of arrangements in the modified contact and ship sale.

Because MPF assumed and assigned Mustang's contract to another company, the trustee may not now recover for preferential payments related to the contract.[2]

---

[1] 11 U.S.C. § 365.

[2] In re Superior Toy & Mfg. Co., 78 F.3d 1175 (7th Cir. 1996).

4. *Plan.*

The trustee says that he may sue Mustang for preferential payments because neither the plan nor another order released the claims.

Under the plan and the novation, the estate clearly relinquished its claims against Mustang. The novations say that each agreement is a settlement and compromise of all claims among the parties. The plan says that settled and released claims are excluded from those retained by the litigation trust.

In the documents signed by the trustee's predecessor in title, the estate, the novations are "comprehensive settlements." The plan unequivocally excludes these settlements from what is retained by the litigation trust. Each is part of a unified transaction designed to reorganize MPF.

Broadly, the trustee's interpretation amounts to guerrilla war after the surrender. MPF signed a peace treaty. Some folks who stand to gain narrowly are attempting to revive settled claims under the hounding of more litigation to get something the estate could not get through the bankruptcy. Estates prosper when they can market assets that come with settled title, including freedom from the nature of the asset as well as from the labyrinth of the code and the mugging of lawyers.

If the trustee were allowed to recover preferences from a creditor that had accepted commitments and made concessions to get cash into the estate, the litigation trust in equity would be required to credit Mustang with the value of the changes it accepted in the novation.

5. *Conclusion.*

Because Mustang's contract was assumed by Dalian and because the novation released preference claims against Mustang, the trustee may not sue to recover Mustang's payments as having been made in preference to other qualified creditors. The bankruptcy court's dismissal will be affirmed.

Signed on August 29, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge